# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE ARTHUR SULLLEN,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 20-00095-TFM-B |
| | * |
| **ELWOOD HOGAN,** *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

Plaintiff Willie Arthur Sullen, a former Alabama prison inmate who is proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). (Doc. 3). After careful review, it is recommended that Sullen's federal claims be dismissed without prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted, and that the exercise of supplemental jurisdiction be declined and any state law claims be dismissed without prejudice.

**I. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Sullen sought and was granted *in forma pauperis* status (see Docs. 2, 4), the Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). See Troville v.

Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (applying § 1915(e) to non-prisoner actions); Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017) (per curiam) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike.").

Under § 1915(e)(2)(B)(i), a claim is subject to being dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or when the claim seeks to enforce a right that clearly does not exist. Id. at 327.

Section 1915(e)(2)(B)(ii) "directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint 'fails to state a claim on which relief may be granted.'" Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). A complaint may be dismissed for failure to state a claim when, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke, 490 U.S. at 326. To avoid dismissal for failure to state a claim upon which relief can be granted, a plaintiff's allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (last brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court construes them liberally, giving them more leniency than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, this "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation and quotation marks omitted). A court treats as true a plaintiff's factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome,

863 F.2d 835, 837 (11th Cir. 1989).

**II. Proceedings and Amended Complaint (Doc. 6).**

Sullen commenced this action by filing a self-styled complaint under 42 U.S.C. § 1983 that alleged violations of his constitutional rights. (Doc. 1). When Sullen's initial complaint was screened, the Court found that it was deficient because, among other things, it violated Rule 8(a)'s requirement that "a short and plain statement" of each claim be alleged, as well as Rule 10(b)'s requirement that claims be stated in separately numbered paragraphs, with each paragraph limited to a single set of circumstances. (Doc. 4 at 1; see Fed. R. Civ. P. 8(a)(2-3) & 10(b)). Specifically, the Court found that the complaint was rambling and confusing and did not provide sufficient factual information to impart notice to each Defendant of his actions that allegedly violated Sullen's constitutional rights or of the claims Sullen was asserting against each Defendant. (Doc. 4 at 2). Sullen was ordered to file an amended complaint that cured the deficiencies noted in the Court's order and ensured that each Defendant received notice of the claim against him or her and of the facts supporting each claim. (Id. at 2-4).

In his amended complaint (Doc. 6), Sullen alleges that his rights under the First, Sixth, Eighth, and Fourteenth Amendments were violated, particularly his rights of equal protection, due

4

process, and access to courts. (Id.). He also conclusorily asserts that there was a "conspiracy," "collusion," and a violation of "various Alabama laws." (Id.).

In his amended complaint, Sullen attempts to connect Defendants to certain claims, but he does not state specifically what the Defendants did; rather, for the most part, he just indicates that a Defendant is tied to a conviction, sentence, or a portion of one of his criminal proceedings by writing a Defendant's name near the allegations. (See id.). This type of pleading does not comply with the Court's directive to "detail the conduct for which [Sullen] claims each Defendant bears responsibility." (See Doc. 4 at 3-4).

Sullen reports that he currently resides in a boarding house located in Birmingham, Alabama and is on parole in connection with convictions for first-degree assault[1] and domestic violence.[2]

---

[1] In the amended complaint, Sullen indicates that his first-degree assault conviction occurred in 1981, and that the case number associated with this conviction is 80-1753.64. (Doc. 6 at 3, 14). This Court's records reflect that Sullen challenged his February 4, 1981 first-degree assault conviction in Sullen v. White, CA No. 13-00166-KD-M (S.D. Ala. 2013), COA denied (11th Cir. 2014), cert. denied (U.S. Oct. 6, 2014). Sullen's habeas petition was dismissed as time-barred.

[2] Sullen does not clearly identify the date of his domestic violence conviction in his amended complaint. However, the Court examined its docket and found that in Sullen v. Steward, CA No. 14-00112-CG-M (S.D. Ala.), COA denied (11th Cir.), reconsideration denied (11th Cir. Sept. 3, 2015), Sullen filed a habeas action in this Court challenging his May 26, 2010 conviction for first-

(Doc. 6 at 2-3). He names as Defendants former Mobile County Circuit Court Judges Elwood Hogan, Roderick Stout, and John Lockett; former Mobile County District Attorneys Charles Graddick, Chris Galanos, and John Tyson; current Mobile County District Attorney Ashley Rich; and criminal defense attorneys David Barnett and Dennis Knizley. (See id. at 2).

According to Sullen, he was indicted in 1972 on four counts of burglary and one count of rape. (Id. at 3). When these "charges were reversed back to [the Mobile] trial court [in] October 1973," Sullen pled guilty to four counts of burglary before Judge Hogan, "District Attorney Hollway," and attorney Barnett.[3] (Id.). In 1981, he was convicted of first-degree assault, a Class B felony, which had a sentencing range of two to twenty years. (Id.). On account of his prior burglary convictions, the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975, was applied to Sullen, increasing his sentencing range to a minimum of twenty years and a maximum of life imprisonment. (Id.). As a consequence, Sullen received a sentence of life imprisonment for his first-degree assault conviction. (Id.). Sullen contends that

---

degree domestic violence in Case No. CC-09-3387.00, for which he received a sentence of twenty-five years. That habeas petition was likewise dismissed as time-barred.

[3] Sullen's convictions for burglary are associated with case numbers 72.26381.60 – 26384.60. (See Doc. 6 at 11).

"invalid/illegal/void purported priors" were used by the Mobile trial court during sentencing for his first-degree assault conviction. (Id). He has written the names of Judge Hogan, District Attorney Galanos, and attorney Dennis Knizley near the paragraph concerning his sentencing for the first-degree assault conviction. (See id.).

Sullen then lists "Issue I" and asserts that his four guilty pleas were not authorized by law because the corresponding indictments were handed down by an illegal grand jury that was drawn from an illegal jury roll. Thus, Judge Hogan, District Attorney Graddick, and attorney Barnett violated his equal protection rights under the Fourteenth Amendment. (Id. at 4).

According to Sullen, at the time he pled guilty to the four burglary charges, a federal court had declared all indictments and convictions of African-Americans in Mobile County void due to an illegal jury roll, and in connection therewith, the court entered a consent decree. (Id.). Sullen contends that the jury list was illegally composed because it excluded African-Americans, and therefore, the grand and petit juries, which did have not have African-Americans on them, were unconstitutionally selected. (Id. at 4-5). Thus, Sullen was denied a fair and impartial grand jury, and the grand jury's indictments of him were void. (Id. at 5-6). Sullen reasons that the "trial court negotiated a guilty plea

7

without a valid indictment and imposed convictions and sentences upon [him] which were illegal" because there was no valid indictment. (Id. at 4-5). As a consequence, the trial court did not have the authority to announce judgment and impose sentence upon him. (Id. at 5).

Sullen alleges that Judge Hogan and District Attorney Graddick were "very well aware" of the case of Preston v. Mandeville, 428 F.2d 1392 (5th Cir. 1970),[4] appeal after remand, 479 F.2d 127 (5th Cir. 1973),[5] [6] and of the systematic exclusion of African Americans from the jury roll, a practice which the trial court had "never disbanded[.]" (Doc. 6 at 7). Sullen asserts

---

[4] In Preston v. Mandeville, 428 F.2d 1392 (5th Cir. 1970), the Fifth Circuit reversed the district court's finding that the disparity between the percentage of African-Americans of jury age in the general population and the percentage of African-Americans on the Mobile County jury roll was insufficient to make out a prima facie case of racial discrimination and, on remand, required defendants to present clear and convincing evidence of the racial characteristics of persons on the jury roll and for the district court to provide relief should it find the existence of racial discrimination. Id. at 1395.

[5] In Preston v. Mandeville, 479 F.2d 127 (5th Cir. 1973), the Fifth Circuit found that the addition of African-Americans to the jury roll from one area in one city of Mobile County while arbitrarily excluding substantially all African-Americans residing elsewhere in the county was not in compliance with the prior mandate to the district court, and it remanded the case with directions. Id. at 128-31.

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

that although Judge Hogan, District Attorney Graddick, and attorney Barnett knew this practice was ongoing, they nevertheless allowed him to plead guilty to the illegal indictments. (Id.). Sullen further asserts that because it is "highly unlikely" that Barnett did not also know about the Preston case, his legal counsel was "inadequate and ineffective" because he allowed Sullen to plead guilty to "illegal/void" indictments. (Id. at 8).

Under "Issue II", Sullen asserts that Defendants Judge Hogan, District Attorney Galanos, and attorney Knizley "illegally enhanced" his sentence under the Habitual Felony Offender Act for his first-degree assault conviction through the use of his "void" prior convictions. (Id. at 9). He contends that their actions constituted cruel and unusual punishment and ineffective assistance of counsel. (Id.).

According to Sullen, he was sentenced to life imprisonment under the Habitual Felony Offender Act. (Id.). Sullen's 1981 conviction for first-degree assault was a Class B felony, which carried a sentencing range of two to twenty years. (Id.); see §§ 13A-5-6(a)(1) & 13A-6-20, Ala. Code 1975. Sullen states that under the Habitual Felony Offender Act, his sentencing range jumped to twenty years to life imprisonment.[7] (Doc. 6 at 9-10). Sullen maintains that the convictions used to enhance his sentence were

---

[7] This appears to correlate with § 13A-5-9(c)(2), Ala. Code 1975.

void because his four burglary convictions and one rape conviction were reversed for failure to inform him of the minimum and maximum sentencing range and because the federal court had held that convictions from Mobile County for a certain period of time were void due to the exclusion of African-Americans from the jury roll and, consequently, from the grand and petit juries. (Id. at 11). He asserts that his indictments were within the timeframe during which this discriminatory practice occurred. (Id. at 11-12). Thus, according to Sullen, his maximum sentence could only be twenty years. (Id. at 10). He argues that the trial court, defense counsel, and the prosecutor's office were aware of and were under a federal court order that criminal proceedings against African-Americans within a certain time period were void, but they knowingly applied the voided convictions to enhance Sullen's sentence for the 1981 first-degree assault conviction. (Id. at 13). Moreover, his counsel was ineffective for failing ascertain the history of his prior convictions used to enhance his first-degree assault conviction's sentence and failing to dispute their use at sentencing. (Id.). Sullen further contends that after entering into a consent decree, Mobile County concealed the decree from the public and from the prison population and was thereby able to use the illegal convictions that were obtained through the use of an unconstitutional jury roll. (Id.).

Sullen directs "Issue III" at Judges Stout and Lockett, District Attorneys Tyson and Rich, and attorney Knizley. (See id. at 14). According to Sullen, he challenged the sentence for his first-degree assault conviction by filing a Rule 32 petition on August 25, 2011. (Id.). In the petition, he claimed that his sentence of life imprisonment was excessive because it was based on void prior convictions, and therefore, he needed to be resentenced. (Id.). On January 13, 2013, an evidentiary hearing was held before Judge Stout, who said that he could not adjudicate the Rule 32 petition without reviewing the rulings made on the prior convictions and disregarded Sullen's motion for consolidation of the prior convictions' Rule 32 proceedings. (Id. at 14-15). According to Sullen, the Rule 32 petition for his prior convictions, 72-26381.60 - 26384.60, had landed on Judge Lockett's docket, where their review was pending. (Id. at 14-15). The "[t]rial court dismissed the post[-]conviction Rule 32 72-26381 - 26384.60 without review of ... the merits of the petition[,]. . . [finding it was] precluded by state statute of limitations[.]" (Id. at 15-16).

As best the Court can discern from Sullen's convoluted allegations, it appears that he is alleging that in Case No. CC-09-3387 (his first-degree domestic violence conviction), when the State sought to enhance his sentence using the same prior

11

convictions (72-26381.60 – 26384.60) that were used to enhance the sentence for his first-degree assault conviction (80-1753.64), Judge Lockett had to rule on the same issues that were before him in the previous Rule 32 proceeding on Sullen's four burglary convictions. (See id. at 16-17). The State sought to enhance his sentence in Case No. CC-09-3387 using the prior burglary convictions, but the State's records were found to be incomplete and not certified, which Sullen contends also negated the assault conviction from being applied to enhance the sentence in Case No. CC-09-3387. (Id. at 17). Sullen asserts that because Judge Lockett is the same judge who ruled on the use of his prior convictions in Case No. CC-09-3387 and had summarily dismissed his Rule 32 petition challenging them, he appealed, but the appellate court "circumvented" the issues. (Id. at 17-18).

Sullen argues that his life sentence is clearly illegal. (Id. at 18). And, he contends that the court's ruling that his Rule 32 petition on his prior burglary convictions was time-barred is contrary to the court's later ruling that the prior burglary convictions were void/invalid and unconstitutional and could not be used to impose a life sentence under the Habitual Felony Offender Act. (Id. at 18-19). Finally, he argues that by granting an evidentiary hearing, the trial court "implicitly and explicitly" indicated that the challenge to the prior burglary

12

convictions were meritorious and the time-bar could not prevent it. (Id. at 19).

In conclusion, Sullen states that he has served thirty-five years of an illegal sentence, which officials knew was illegal based on the 1977 decree, the holdings in Preston, supra, Seals v. Winman, 304 F.2d 53 (5th Cir. 1962),[8] and Supreme Court cases, but Defendants were deliberately indifferent to them. (Id. at 19-20). They covered up the void indictments from Mobile County for decades, and "[a]ny reasonable official should have known that doing so constituted conscience shocking conduct prohibited by the substantive due process clause." (Id. at 20). For these perceived violations, Sullen requests: $1,000,000 from each named Defendant, actual and punitive damages, attorney fees and costs, such other relief as deemed just and equitable, and monetary civil penalties in an undetermined amount from each official in their personal and official capacity. (Id.).

---

[8] In Seals v. Winman, 304 F.2d 53 (5th Cir. 1962), the Fifth Circuit concluded that upon the record before it, African-Americans in Mobile County, Alabama were systematically excluded from the jury rolls and "from the grand jury which indicted [the defendant] and from the petit jury which convicted him; and, hence, that [the defendant's] judgment of conviction is unconstitutional, subject to collateral attack, and is declared to be void and of no effect." Id. at 67, 69. In reversing and remanding the district court's denial of the writ of habeas corpus, the Fifth Circuit directed that any retrial be before a jury where systematic exclusion of African-Americans did not occur. Id. at 69-70.

**III. Discussion.**

As noted, Sullen is challenging his four convictions for burglary in 1972 and his sentence of life imprisonment for his 1981 first-degree assault conviction. He claims that his burglary convictions are unconstitutional chiefly because African-Americans were excluded from the jury rolls at that time and were thus precluded from being on the grand jury that handed down his indictments. He further claims that as a consequence of his four burglary convictions allegedly being unconstitutional, the sentence for his first-degree assault conviction could not be enhanced from the initial sentencing range of two to twenty years for a Class B felony to the sentencing range under the Habitual Felony Offender Act of twenty years to life imprisonment.

Controlling the disposition of this action is the decision of Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court in Heck "specifie[d] that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis in original). The Heck Court ruled that

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

> order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (emphasis in original).

The Heck Court denied the existence of a § 1983 cause of action for damages that would invalidate a conviction or sentence that had not previously been invalidated. Id. at 489. The situation was analogized by the Heck Court to an action for malicious prosecution which "does not accrue until the criminal proceedings have terminated in the plaintiff's favor[.]" Id. Thus, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. Later, in Wilkinson, supra, the Supreme Court determined that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82 (emphasis in original).

In the present action, Sullen's § 1983 claims challenging his four burglary convictions and his enhanced sentence under the

15

Habitual Felony Offender Act for his first-degree assault conviction are seeking to undo his burglary convictions and his sentence of life imprisonment by a finding that they are unconstitutional. However, this Court cannot rule on his claims in this § 1983 action at this time because there has been no showing that the four burglary convictions and the sentence of life imprisonment have been invalidated by being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." See Heck, 512 U.S. at 487. Until such invalidation occurs, a cause of action does not exist under § 1983. See id. at 486.[9] Thus, Sullen's claims that his four burglary convictions and sentence of life imprisonment on his first-degree assault conviction are unconstitutional are not ripe in this § 1983 action and fail to state a claim upon which relief can be granted.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that

---

[9] The Court's records reflect that Sullen's last challenge in this Court to his February 4, 1981, first-degree assault conviction was in Sullen v. White, CA No. 13-00166-KD-M (S.D. Ala.), COA denied (11th Cir.), cert. denied (U.S. Oct. 6, 2014), where his habeas action was denied as being barred by the one-year statute of limitations, with the notation that his claim of actual innocence was unsupported.

Sullen's federal claims be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. See Wilson v. Mahalovich, 2020 U.S. Dist. LEXIS 40311, at *2 & n.1, 2020 WL 1150736, at *1 & n.1 (S.D. Ala. Mar. 9, 2020) (dismissing § 1983 action without prejudice in the event plaintiff is later able to satisfy the favorable termination requirement articulated in Heck); but cf. Abella v. Rubino, 63 F.3d 1063, 1065 & n.3 (11th Cir. 1995) (affirming dismissal of plaintiff's Bivens damages claims with prejudice, but noting that plaintiff "may bring his Bivens damages claims in the future should he meet the requirements of Heck").[10]

In addition, the Court notes that Sullen mentioned in passing that this Court has jurisdiction over violations of "various" unidentified "Alabama laws." (See Doc. 6 at 1). Due to the recommended disposition of Sullen's federal claims, it is recommended that the Court decline to exercise its supplemental jurisdiction over Sullen's state law claims and dismiss them without prejudice. See Raney v. Allstate Ins. Co., 370 F.3d 1086,

---

[10] In light of the recommended dismissal of this action, the Court at this time is foregoing a discussion on the immunities available to judicial and prosecutorial Defendants, the lack of state action by criminal defense counsel Defendants, and the absence of a claim for collusion, conspiracy, and denial of access to court, which also may warrant this action's dismissal.

1089 (11th Cir. 2004) (per curiam) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that

merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **October, 2020.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
